STATE OF MINNESOTA

COUNTY OF NOBLES

DISTRICT COURT

FIFTH JUDICIAL DISTRICT

Allan M. Schreier, individually and as
Trustee of the John J. Schreier Revocable
Intervivos Trust and as Trustee of the Ann
Barbara Schreier Intervivos Revocable
Trust,

Plaintiff,

v.

Drealan Kvilhaug Hoefker & Co.
P.A. and Hedeen Hughes &
Wetering,

Defendants.

Case Type:  Conciliation Court Appeal
Court File No.: 53-CV-17-505
Judge: Allison L. Krehbiel

**ANSWER AND COUNTERCLAIM OF
DEFENDANT DREALAN KVILHAUG
HOEFKER & CO. P.A.**

Defendant Drealan Kvilhaug Hoefker & Co. P.A. ("DKH"), as and for its Answer
responding to Plaintiff Allan M. Schreier's Amended Complaint, states and alleges as
follows:

DKH denies each and every matter, thing, or allegation in the Amended Complaint,
except as hereinafter admitted or qualified.

1.    DKH admits the allegations in Paragraph 1 of the Amended Complaint.

2.    In response to the allegations in Paragraph 2 of the Amended Complaint, DKH
admits that it is a Minnesota corporation registered at the provided address. DKH states
that it provided tax preparation services to John J. Schreier and Ann Barbara Schreier
during their lives.

3.    DKH lacks information or knowledge sufficient to form a belief as to the truth or
falsity of the allegations in Paragraph 3 of the Amended Complaint of the allegations in
said paragraph, and therefore, denies them.

4.     In response to the allegations in Paragraph 4 of the Amended Complaint, DKH states that it provided tax preparation services to the trustees in relation to the John J. Schreier Revocable Intervivos Trust and the Ann Barbara Schreier Intervivos Revocable Trust.

5.     DKH lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Amended Complaint of the allegations in said paragraph, and therefore, denies them.

6.     In response to the allegations in Paragraph 6 of the Amended Complaint, DKH states that to the extent the allegations state conclusions of law, no response is required. To the extent the allegations require a response, DKH admits that it owed duties to Plaintiff pursuant to its duties to its clients as required by law.

7.     DKH denies the allegations in Paragraph 7 through 16 of the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

8.     The Amended Complaint fails to state a claim against DKH upon which relief can be granted.

9.     Plaintiff's claims may be barred due to ineffective, inadequate, and insufficient service of process.

10.     Without in any way admitting the allegations in Plaintiff's Amended Complaint, Plaintiff has not sustained any damages and is put to his strict proof thereof.

11.     DKH's actions or omissions were not the proximate cause of Plaintiff's alleged damages.

12.     Plaintiff's claims are barred by the applicable statutes of limitation and repose.

13.     Plaintiff's damages, if any, are caused by his own negligence or fault.

14.    Plaintiff's damages, if any, were caused by the conduct of parties over whom DKH had no control and for whose acts DKH are not responsible.

15.    Plaintiff's claims may be barred because Plaintiff failed to mitigate his damages.

16.    Plaintiffs' claims against DKH may be barred by any and all other affirmative defenses contemplated by the Minnesota Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more said affirmative defenses which are not specifically set forth above cannot be determined until DKH has had an opportunity to complete discovery. Therefore, DKH hereby incorporates and reserves said affirmative defenses as if set forth fully herein. Further, DKH reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

## COUNTERCLAIM

Defendant Drealan Kvilhaug Hoefker & Co., P.A., for its Counterclaim against Plaintiff states and alleges as follows:

1.    DKH incorporates the above paragraphs of its Answer and Affirmative Defenses.

2.    DKH and Plaintiff agreed that DKH would provide services and that Plaintiff would pay for them. The parties' agreement (hereinafter "the Agreement"), included but was not limited to, provision of tax preparation services.

3.    DKH performed its obligations under the Agreement in good faith and as directed and authorized by Plaintiff and his co-trustee Carl Schreier.

4.    Plaintiff has failed to perform his obligations under the Agreement.

Ex. I to Removal - DKH's Answer to Plaintiff's Amended Complaint

## COUNT I
## BREACH OF CONTRACT

5.　　DKH re-alleges and incorporates by reference the allegations of the preceding paragraphs 1 through 4, as if restated herein, and further states and alleges as follows:

6.　　DKH provided services as agreed upon by the parties.

7.　　Plaintiff breached his contractual obligations by not paying DKH in full for the services it furnished.

8.　　DKH billed the principal amount of $5,459.00 to Plaintiff for services provided pursuant to the Agreement, which remain unpaid.

9.　　DKH has suffered damages, as a direct and proximate result of Plaintiff's breach of contract, in the principal amount of $5,459.00 and applicable service charges, plus its reasonable attorneys' fees, statutory interest, and its expenses, costs and disbursements.

## COUNT II
## UNJUST ENRICHMENT

10.　　DKH re-alleges and incorporates by reference the allegations of the preceding paragraphs 1 through 9, as if restated herein, and further states and alleges as follows:

11.　　Based upon assurances of payment through its agreement with Plaintiff, DKH provided services to Plaintiff.

12.　　Plaintiff received significant value from DKH through DKH's reasonable reliance on promises of payment, resulting in Plaintiff's unjust enrichment. Because of the unjust enrichment of Plaintiff at the expense of DKH, equity requires Plaintiff to pay DKH damages in the amount of $5,459.00 and applicable service charges, plus statutory interest, and its expenses, costs, and disbursements.

**Ex. I to Removal - DKH's Answer to Plaintiff's Amended Complaint**

## COUNT III
## QUANTUM MERUIT

13.    DKH   hereby re-alleges and incorporates by reference the allegations of the preceding paragraphs 1 through 12 as if restated herein, and further states and alleges as follows:

14.    Plaintiff accepted the benefit and value of the services provided by DKH, and thereby benefited from those materials and services.

15.    Plaintiff is obligated to pay the reasonable and fair value of services provided by DKH.

16.    Plaintiff has not made payment for the full value of the materials and services.

17.    The fair and reasonable value of the unpaid services for which payment has not been made is $5,459.00 and applicable service charges, plus statutory interest, and its expenses, costs, and disbursements.

## COUNT IV
## ACCOUNT STATED

18.    DKH   hereby re-alleges and incorporates by reference the allegations of the preceding paragraphs 1 through 17 as if restated herein, and further states and alleges as follows:

19.    DKH regularly sent statements to Plaintiff for amounts due for tax preparation services provided pursuant to the Agreement.

20.    Plaintiff made no timely objection to the amounts invoiced by DKH for tax preparation services.

Ex. I to Removal - DKH's Answer to Plaintiff's Amended Complaint

21.     Plaintiff is obligated to pay DKH the outstanding principal balance of $5,459.00 and applicable service charges, plus statutory interest, and its reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** DKH requests judgment of the above Court as follows:

1.     For an order and judgment dismissing Plaintiff's claims against DKH;

2.     Judgment against Plaintiff and in favor of Defendant for a sum in the principal amount of $5,459.00 and applicable service charges;

3.     For an award of interest, expenses, costs, and attorney's fees and such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: November 1, 2017

MEAGHER & GEER, P.L.L.P.

Mark A. Bloomquist (#180488)
Laura E. Kuipers (#392301)
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
mbloomquist@meagher.com
lkuipers@meagher.com

*Attorneys for Defendant Drealan Kvilhaug Hoefker & Co. P.A.*

**Ex. I to Removal - DKH's Answer to Plaintiff's Amended Complaint**

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the parties against whom the allegations in the Amended Complaint are asserted.

By: _____

Mark A. Bloomquist (#180488)
Laura E. Kuipers (#392301)
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
(612) 338-0661
mbloomquist@meagher.com
lkuipers@meagher.com

*Attorneys for Defendant Drealan Kvilhaug
Hoefker & Co., P.A.*

**Ex. I to Removal - DKH's Answer to Plaintiff's Amended Complaint**