UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allan M. Schreier, individually, as beneficiary and Co-Trustee of the John J. Schreier Revocable Intervivos Trust and of the Ann Barbara Schreier Revocable Intervivos Trust, and as Co-Personal Representative of the Ann Barbara Schreier Estate, | Case No. 0:18-cv-02310-DSD-KMM |
| Plaintiff/Counter-Defendant, | ORDER |
| v. | |
| Drealan Kvilhaug Hoefker & Co. P.A., and Hedeen Hughes & Wetering, | |
| Defendants/Counter-Claimants. | |

In this case, Allan M. Schreier,[1] alleges that the accounting firm Drealan Kvilhaug Hoefker & Co. ("DKH") and the law firm Hedeen Hughes & Wetering ("HHW") committed professional malpractice in managing the estates of Allan's parents, John J. Schreier and Ann Barbara Schreier. Allan also alleges that DKH and HHW aided and abetted Allan's brother, Carl Schreier, in breaching his duties as co-trustee and co-personal representative of the trusts and estates of their parents. And Allan alleges that DKH and HHW's conduct violated the Racketeer Influenced and Corrupt Organizations Act by using mail and emails to defraud him and conspiring with Carl to hide their mismanagement of John and Ann's trusts and estates. Among other allegations, Allan claims that Carl and his sister-in-law, Michelle, were paying an unfairly low rental rate for farm land held by the family, and that DKH and HHW conspired with Carl so that he could

---

[1] Because this lawsuit involves intra-family claims and several parties who share the plaintiff's last name, the Court will refer to certain parties by their first names.

1

benefit from the lower-than-market rents. *See* Second Am. Compl. ¶¶ 46–49, 95, 110, 113, 119–20, ECF No. 1-8.

This matter is before the Court on Allan's combined motion for leave to file a supplemental complaint and to modify the scheduling order to permit presentation of additional expert evidence. Pl.'s Mot., ECF No. 27. For the reasons that follow, the motion for leave to file a supplemental complaint is granted and the request for an additional expert is denied.

*Supplemental Complaint*

The Proposed Supplemental Complaint alleges that Allan recently resolved related state litigation against Carl and several other family members who were beneficiaries of the property left by Allan's parents. Suppl. Compl., ECF No. 31 at 3–15. That settlement resulted in Allan becoming the sole beneficiary and trustee of trusts created by his parents and the sole personal representative of their estates. Allan also acquired the other family members' claims against DKH and HHW. Suppl. Compl. ¶ 5. Allan now seeks recovery of additional legal fees and other amounts that he and his family members paid as part of the state litigation, which he claims are attributable to the "misconduct of DKH and HHW." *Id.* ¶ 6.

DKH and HHW have not objected to the filing of the Supplemental Complaint. Stipulation, ECF No. 31; *cf.* DKH Resp. at 12 (noting that "damages to the trusts and their beneficiaries in the form of additional legal or accounting fees … is at least an understandable damages claim," but denying liability), ECF No. 33.[2] The Court has discretion to allow a party, "on just terms," to serve a

---

[2] In the Supplemental Complaint, Allan asserts that the claims against DKH and HHW that he obtained through assignments by his family members in the settlement of the state litigation "include but are not limited to" the additional fees and expenses specifically identified that were expended in an underlying state lawsuit. Suppl. Compl. ¶ 6. The Supplemental Complaint provides adequate notice of the additional claims against DKH and HHW to the extent fees and expenses are specifically identified. However, it fails to provide adequate notice of any other unidentified claims. For example, Allan does not plainly assert that he obtained an assignment from his family members of any additional claims against DKH or HHW that relate to allegedly underpaid rents on the family's farm.

supplemental pleading based on events that occurred after the filing of the original complaint. Fed. R. Civ. P. 15(d). Although the Court has concerns about the viability of some of the plaintiff's claims, based on the parties' stipulation, the request for leave to file the Supplemental Complaint is granted. Within three days of the date of this Order, Allan shall file the Supplemental Complaint in the same form attached to the stipulation at docket entry 31. Within twenty-one days of the filing of the Supplemental Complaint, DKH and HHW shall file a responsive pleading. *See* Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time.").

### *Modification of Scheduling Order*

On November 27, 2018, the Court entered a Scheduling Order and, in relevant part, permitted each side to call up to two expert witnesses. Scheduling Order, ECF No. 24. Allan asks the Court to modify the Scheduling Order so that each side may call a third expert witness. Specifically, Allan states that he intended to call an individual named Corey Prins as a fact witness to authenticate Mr. Prins's February 6, 2015 letter discussing a market rental analysis for the Schreier farm properties. Pl.'s Mem. at 3, ECF No. 29. Allan intends to use this rental analysis to support the portion of his claims based on the alleged underpayment of rent by Carl and Michelle and DKH and HHW's alleged aiding and abetting of Carl's fraudulent concealment of his own self-dealing. Allan approached Mr. Prins in November of 2018 to discuss the possibility of having him testify as an expert witness. Pl.'s Mem. at 3. However, Mr. Prins informed Allan's counsel that he was not willing to testify as an expert because he is too busy. *Id.* Allan says this may require him to retain a new expert witness to testify about the historical market rent for farmland similar to the Schreier land that Carl and Michelle farmed. *Id.*

DKH and HHW oppose Allan's request for two reasons. First, they argue that Allan has failed to demonstrate good cause to add a third expert witness merely because this extra witness recently confirmed he is unavailable. They contend that Allan should have included a third expert in his proposed discovery plan if he was contemplating calling one at the time of the pretrial conference. *See* DKH Resp. at 7-10. Second, the defendants assert that an additional expert should not be permitted because his attempt to seek damages from DKH and

HHW based on an intrafamilial dispute about underpaid farm rents is inequitable. *Id.* at 11–13.

Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As frequently explained by the Eighth Circuit Court of Appeals and the District of Minnesota, "the primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *See, e.g., Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *E.E.O.C. v. Product Fabricators, Inc.*, 285 F.R.D. 418, 420 (D. Minn. 2012). However, rigid adherence to discovery limitations in a scheduling order is inadvisable, especially when that adherence would prevent a party from presenting material evidence. *See, e.g. Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the … scheduling order is not advisable.").

There is some support in the record for the defendants' position that at the time of the initial Rule 16 conference, Allan already knew or could have known that a portion of his damages claims would depend on establishing market rental rates for farmland. In the parties' Joint Rule 26(f) Report, Allan did not indicate he would need to have an expert witness for this purpose. He indicated only that he would be calling "two or more experts in the fields of law and accounting." ECF No. 17 at 7. This suggests that Allan could have made a more expansive request for expert witnesses at the time of the pretrial conference, but for reasons that are unclear he did not.

However, the record also indicates that almost immediately after the Rule 16 conference and the issuance of the Scheduling Order, Allan's counsel contacted Mr. Prins to discuss obtaining his testimony as an expert witness. Ohnstad Decl., ¶ 3, Attach., E-mail from Mark Ohnstad to Corey Prims (Nov. 29, 2017), ECF No. 30. Moreover, this is not a case where the Court set a deadline in a scheduling order which the party missed due to carelessness. Rather, this is a case where Allan appears to have realized after the initial pretrial conference that he underestimated the proof he wanted to marshal in support of his damages claim. Because this happens in litigation, the undersigned frequently

4

encourages a conservative approach to the scope of discovery early on, but invites parties to come back to the Court to ask for more if they believe a broader effort is necessary. Under these circumstances, even though Allan could have included his request for a farm-rental-rates expert in the Joint 26(f) Report, his motion will not be denied based on a lack of diligence.

The issue of diligence aside, Allan has still failed to demonstrate good cause to modify the Scheduling Order so he can call an additional expert witness on farm rental rates. As noted above, part of Allan's claim in this litigation is that DKH and HHW are civilly liable for RICO violations, namely committing mail and wire fraud by aiding and abetting Carl in breaching his fiduciary duties in charging unfairly low farm rent to himself and Michelle. Allan essentially claims that Carl and Michelle should have paid higher rates to rent the farm, thereby placing more money in the trusts created by Allan's parents. However, as the defendants explain, Allan's claim that he is entitled to recover the difference between the lower rates paid by Carl and Michelle and the higher market rates for renting farmland seeks to recover "money that stayed in the family." DKH Resp. at 12. Allan's claim amounts to an argument that he should have ultimately received more money, through the estate, from his brother and sister-in-law, not that more money should have come into the estate from the outside. And he has fully settled all of the disputes within the family regarding this issue. Because there was no loss to the family as a whole, expert testimony establishing the market rates for renting farmland will not be relevant to any claim against DKH or HHW.

Finally, the Court finds that the use of three experts in this litigation on the prat of the plaintiff, with the concomitant need for the defendants to hire three experts, is entirely disproportionate to the needs of this case. Although Allan hypothesizes enormous damages through the treble-damages multiplier for civil RICO claims, the true value of this litigation is likely much more circumscribed.[3] The defendants are small businesses, the plaintiff is an

---

[3] RICO was enacted to "'eradicat[e] organized, long-term, habitual criminal activity.'" *Nelson v. Nelson*, No. 14-cv-4854 (ADM/LIB), 2015 WL 4136339, at *3 (D. Minn. July 8, 2015) (quoting *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011)). RICO's applicability in this case, which essentially involves

(*footnote continued on following page*)

individual, and it is incumbent upon the Court to manage the litigation in a way that keeps costs in check. *See* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speed, and *inexpensive* determination of every action") (emphasis added). That goal would be undermined rather than served by having three experts in this case.

*Order*

For the reasons stated above, Plaintiff Allan M. Schreier's Motion to Supplement the Complaint and Number of Expert Witnesses **[ECF No. 27]** is **GRANTED IN PART** to the extent Allan seeks leave to file a supplemental complaint and **DENIED IN PART** to the extent Allan asks the Court to modify the Scheduling Order so he can call a third expert witness.

Date: January 29, 2019    *s/Katherine Menendez*
　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　United States Magistrate Judge

---

tort claims against attorneys and accountants, appears dubious at best. "RICO is not a surrogate for professional malpractice actions." *Handeen v. Lemaire*, 112 F.3d 1339, 1348 (8th Cir. 1997). Allan may have significant difficulty establishing the fraudulent intent necessary to prevail on his mail- and wire-fraud RICO claims. *See Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 169 n.6 (8th Cir. 1995) (listing elements of a claim for mail or wire fraud).