UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Allan M. Schreier, individually, as beneficiary and Co-Trustee of the John J. Schreier Revocable Intervivos Trust and of the Ann Barbara Schreier Revocable Intervivos Trust, and as Co-Personal Representative of the Ann Barbara Schreier Estate,

    Plaintiff/Counter-Defendant,

v.

Drealan Kvilhaug Hoefker & Co. P.A., and Hedeen Hughes & Wetering,

    Defendants/Counter-Claimants.

Case No. 0:18-cv-02310-DSD-KMM

ORDER

---

    This matter is before the Court on Allan M. Schreier's "Motion Regarding Second Supplemental Complaint." (ECF No. 48.) Mr. Schreier's proposed Second Supplemental Complaint seeks to add claims regarding unpaid or underpaid rents for a family farm leased by his brother, Carl, and sister-in-law, Michelle, between the years 2011 and 2014. (Proposed Second Suppl. Compl., ECF No. 50-2.) For two reasons discussed below, Mr. Schreier's motion is **DENIED**.

    First, the Court has discretion to allow a party, "on just terms," to serve a supplemental pleading that "set[s] out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) ("An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause.") (quoting *Berssenbrugge v. Luce Mfg. Co.,* 30 F. Supp. 101 (W.D. Mo. 1939)). Mr. Schreier's proposed supplemental pleading does not concern events that occurred after the filing of the operative complaint. This lawsuit began in state court as an appeal from a conciliation court order denying Mr. Schreier's malpractice claims. Mr. Schreier added the unpaid or underpaid farm-rent claim when he filed his Second Amended Complaint on August 6, 2018. (Second Am. Compl. ¶¶ 46–51, 119–20, ECF No. 1-8.)

1

The events that form the basis of the farm-rent claim occurred between 2011 and 2014. Mr. Schreier's farm-rent claims are already a part of this lawsuit, and are clearly based on events that precede its filing. Allowing him to supplement his complaint under these circumstances does not further the purpose of Rule 15(d). *See Schneeweis v. Nw. Tech. Coll.*, No. CIV.97-1742 (JRT/RLE), 1998 WL 420564, at *13 (D. Minn. June 1, 1998) ("The purpose of Rule 15(d) is to promote, as complete an adjudication as possible, of an existing dispute between the parties, which may have evolved since the action was initiated.")

Second, Mr. Schreier's proposed supplemental complaint appears to be an effort to obtain a different ruling on a discovery issue that the Court resolved against him rather than an effort to add either new claims or new factual developments that are relevant to the existing claims. However, the Court finds no authority for the idea that the new "facts" that can form the basis of a supplemental complaint under Rule 15(d) are case-management rulings issued by the Court with which a plaintiff disagrees. The Court sees no reason to grant Mr. Schreier leave to file what is essentially an unsolicited legal memorandum masquerading as a supplemental pleading.[1]

Mr. Schreier previously sought leave to modify the scheduling order so that he could call a third expert witness to provide a market analysis for farm rental rates for the years 2011 through 2014. (Pl.'s Mot. to Amend, ECF No. 27.) This Court denied his request for a third expert witness because: (1) "there was no loss to the family as a whole" based on the assertion that Carl and Michelle failed to pay a family trust fair market value to rent the farm; and (2) the addition of another expert was disproportionate to the needs of the case. (Order (Jan. 29, 2019), ECF No. 38.) Mr. Schreier objected to that Order, arguing that the first reason for denying permission to call a third expert relied on a legally incorrect analysis of trust law. (Pl.'s Objections, ECF No. 40.) The District Court overruled Mr. Schreier's objections to the undersigned's Order. (Order (Feb. 27, 2019), ECF No. 45.) Mr. Schreier's objections and the numbered paragraphs in the proposed Second Supplemental Complaint present indistinguishable legal arguments regarding the application of trust law to the facts of this case. (*Compare* Pl.'s Objections *with* Proposed Second Suppl. Compl.) Moreover, Mr. Schreier explicitly states that his purpose of seeking permission to file another

---

[1] To the extent Mr. Schreier's present motion could be construed as a motion for reconsideration of the January 29, 2019 ruling denying his request for a third expert, the Court notes that he did not obtain permission to file such a motion and, in any event, the District Court has already rejected Mr. Schreier's arguments. *See* D. Minn. LR 7.1(j) (prohibiting the filing of a motion to reconsider without first obtaining the court's permission); (Order (Feb. 27, 2019).)

supplemental pleading is to obtain relief that has previously been denied. (Proposed Second Suppl. Compl. ¶¶ 31 (stating that plaintiff "still wishes to use an expert witness regarding the fair rent"), 38 (arguing that plaintiff "claims the trust law analysis in the order of January 29, 2019 is unprecedented and contrary to well-established Minnesota state trust law"). This is simply not a proper supplemental pleading as contemplated by Rule 15(d).

    **IT IS SO ORDERED.**

Date: April 30, 2019                                *s/Katherine Menendez*
                                                               Katherine Menendez
                                                               United States Magistrate Judge