UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Allan M. Schreier, individually, as beneficiary and Co-Trustee of the John J. Schreier Revocable Intervivos Trust and of the Ann Barbara Schreier Revocable Intervivos Trust, and as Co-Personal Representative of the Ann Barbara Schreier Estate, | Case No. 0:18-cv-02310-DSD-KMM |
| Plaintiff/Counter-Defendant, | ORDER |
| v. | |
| Drealan Kvilhaug Hoefker & Co. P.A., and Hedeen Hughes & Wetering, | |
| Defendants/Counter-Claimants. | |

---

This matter is before the Court on Allan M. Schreier's July 1, 2019 letter[1] requesting permission to file a motion to reconsider prior rulings reflected in a January 29, 2019 Order denying Mr. Schreier's motion to modify the scheduling order,[2] and in an April 30, 2019 Order denying his motion to file a second supplemental complaint.[3] In the January 29th Order, the Court denied Mr. Schreier's request for permission to call a third expert witness to provide a market analysis for farm rental rates for the years 2011 through 2014. In relevant part, the Court reasoned that expert testimony concerning market rental rates would be irrelevant because Mr. Schreier had settled intra-family disputes regarding allegedly underpaid rents on the family farm, meaning "there was no loss to the family as a whole."[4] In the April 30th Order, the Court denied his request for permission to file a second supplemental complaint, in part, because he attempted to obtain a different ruling regarding the third expert witness.[5]

---

[1] ECF No. 64.
[2] ECF No. 38.
[3] ECF No. 58.
[4] ECF No. 38 at 5.
[5] ECF No. 58 at 2

1

In his letter requesting permission to file a motion for reconsideration, Mr. Schreier argues again that the Court's prior rulings are "contrary to cardinal principles of Minnesota trust law," and that "[t]he effect of the above ruling has been to dismiss Plaintiff's $2 million lost rent claim."[6] To obtain permission to file a motion to reconsider, a party must show "compelling circumstances." D. Minn. LR 7.1(j). Compelling circumstances exist when the party seeking permission shows there is a need to correct manifest errors of law or fact or to present newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988); *Goodbye Vanilla LLC v. Aimia Proprietary Loyalty U.S. Inc.*, No. 16-cv-0013 (WMW/SER), 2018 WL 2180251, at *1 (D. Minn. Mar. 8, 2018). Motions to reconsider serve the purpose of providing an "'opportunity for relief in extraordinary circumstances.'" *Goodbye Vanilla*, 2018 WL 2180251, at *1 (quoting *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009)).

For several reasons, the Court finds that Mr. Schreier has failed to demonstrate compelling circumstances to permit him to file a motion to reconsider. First, his request does not present any newly discovered evidence. Second, although he adamantly disagrees with a portion of the Court's reasoning underlying the case-management rulings, he has failed to show the Court that there is a need to correct manifest errors of law or fact. Mr. Schreier has already presented the legal arguments purporting to show that the Court's earlier decisions are contrary to fundamental principles of Minnesota trust law more than once,[7] and the District Court has twice overruled his objections.[8] Finally, and perhaps most importantly, the Court's rejects Mr. Schreier's argument that the Court's previous rulings have somehow effected a dismissal of his lost-rents claim. The prior case-management rulings are not dispositive, and the parties should not treat them as such.[9] Mr. Schreier's claim to recover lost rents remains a part of the operative pleadings and nothing in the January 29th or April 30th Orders should foreclose his opportunity fully present his arguments in opposition to the defendants' anticipated summary judgment motions.

---

[6] ECF No. 64.
[7] ECF No. 40 (plaintiff's objection to January 29, 2019 Order); ECF No. 50-2 (plaintiff's proposed second supplemental complaint); ECF No. 50 (plaintiff's objection to April 30, 2019 Order).
[8] ECF Nos. 45, 63.
[9] Notably, when Mr. Schreier objected to the January 29th Order, he argued, in part, that this Court had improperly issued a dispositive ruling. ECF No. 40 at 2. The District Court overruled Mr. Schreier's objections, implicitly recognizing that this Court had not issued any dispositive ruling. ECF No. 45 at 2-3.

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT** Mr. Schreier's July 1st letter requesting permission to file a motion for reconsideration **(ECF No. 64)** is **DENIED.**

Date: July 9, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

3